Following a jury trial in the District Court, the defendant was convicted of operating a motor vehicle with a blood alcohol percentage, by weight, in excess of .08, in violation of G. L. c. 90, § 24 (1) (a ) (1).[2] Before trial, the defendant moved to suppress the results of a breathalyzer test administered to him by State Police Trooper Anthony Chatigny on the ground that Chatigny failed to comply with the fifteen-minute observation period required under 501 Code Mass. Regs. § 2.13(3) (2010). A judge other than the trial judge denied the motion to suppress after finding that Chatigny substantially complied with the observation procedure. We affirm.
Background. Chatigny was the sole witness at the evidentiary hearing on the motion to suppress and the motion judge credited his testimony, which we summarize. In early July of 2015, Chatigny was working a general patrol shift in the city of Worcester when, around 11:45 P.M. , he arrested the defendant for operating a motor vehicle while under the influence of intoxicating liquor. Chatigny transported the defendant to the State Police barracks in Holden, escorted him to a booking room, and placed him on a bench.
At 12:05 A.M. , Chatigny read the defendant his Miranda rights, which the defendant acknowledged he understood. Chatigny then observed the defendant for over fifteen minutes while he conducted the booking process. The defendant was no more than six feet away from Chatigny, and Chatigny's attention was on the defendant the entire time. Chatigny did not see the defendant put anything in his mouth and did not see the defendant burp, belch, or vomit. At 12:24 A.M. , Chatigny administered a breathalyzer test to the defendant, which showed a blood alcohol content, by weight, of .13.
Discussion. "When reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings absent clear error, but conduct an independent review of his ultimate findings and conclusions of law." Commonwealth v. Leary, 92 Mass. App. Ct. 332, 336 (2017). The defendant claims that the motion judge erroneously concluded that Chatigny complied with the observation procedure set forth at 501 Code Mass. Regs. § 2.13(3) (2010), because (1) Chatigny testified that he looked down at the computer during the fifteen-minute observation period in order to type the defendant's responses to booking questions, and (2) there was no video recording of the booking process to confirm that Chatigny observed the defendant for more than fifteen minutes.[3] We are not persuaded.
Chatigny testified that he administered Miranda warnings at 12:05 A.M. and that the observation period began at that time. He administered the breath test nineteen minutes later. The judge credited this testimony, which for our purposes conclusively established that Chatigny observed the defendant for at least fifteen minutes. See Commonwealth v. Ehiabhi, 478 Mass. 154, 166 (2017) ("We entrust credibility determinations to the motion judge"). The defendant's arguments regarding the absence of a video recording and Chatigny looking at his computer go to the weight of the breath test, not its admissibility. See Commonwealth v. Leary, supra; Commonwealth v. Pierre, 72 Mass. App. Ct. 230, 235 (2008). We see nothing in the record to suggest a "substantial deviation" from compliance with the fifteen-minute observation period. Id. Accordingly, the breath test was valid and the results were admissible. See Commonwealth v. Zeininger, 459 Mass. 775, 792-793 (2011) ; 501 Code Mass. Regs. § 2.13(4) (2010).
Judgment affirmed.

The defendant admitted to sufficient facts to warrant convictions of driving an uninsured motor vehicle in violation of G. L. c. 90, § 34J, and attaching a number plate assigned to another motor vehicle in violation of G. L. c. 90, § 23. Both charges were continued without a finding until October 11, 2016. The defendant was found not responsible for a civil infraction of operating an unregistered motor vehicle in violation of G. L. c. 90, § 9 ; a charge of operating a motor vehicle with a suspended registration in violation of G. L. c. 90, § 23, was dismissed at the Commonwealth's request.

The defendant also argues that "the trial court" erred in admitting the results of the breathalyzer test because the defendant "candidly disclosed" to Chatigny that he had been drinking, was able to provide his license and a folder with the title and car registration, and had pain in his hamstring that would explain his poor performance on field sobriety tests. However, this evidence was admitted at trial and not at the hearing on the motion to suppress. It therefore has no bearing on the motion judge's ruling on the motion to suppress. See Commonwealth v. Grandison, 433 Mass. 135, 137 (2001). To the extent the defendant, based on this evidence, means to fault the trial judge (who was not the motion judge) for admitting the breathalyzer result, we note that the defendant did not object at trial and that at best the evidence bore on the weight and not the admissibility of the breathalyzer result.